1
2
3

Marie Miedlar
16616 East Gunsight Drive
Fountain Hills, Arizona 85268
Telephone: (480)203-0447

___ FILED   ___ LODGED
✓
___ RECEIVED   ___ COPY

JUN 0 6 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M  DEPUTY

4
5
6
7

8

# IN THE UNITED STATES DISTRICT COURT

9

## FOR THE DISTRICT OF ARIZONA

10

11    Marie Miedlar

12                    Plaintiff,

13        vs.

14    FIRST FRANKLIN A DIVISION OF
      NATIONAL CITY BANK OF IN,
15    HOME LOAN SERVICES, INC.,
      John and Jane DOES 1 THROUGH 10,

16                    Defendants.

17

Case No.: *CV-08-1072-PHX-MHB*

Assigned for all purposes to the
Honorable _____

**VERIFIED COMPLAINT FOR
DAMAGES**

18    TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

19                        **I. Preliminary Statement**

20    1.    Plaintiff Marie Miedlar, (hereinafter "Plaintiff"), brings this action against First

21    Franklin a Division of National City Bank of IN, Home Loan Services, Inc., and John

22    and Jane Does 1 – 10:

23                (a) to enforce a rescission;

24                (b) for reimbursement of all fees and costs paid in a consumer credit;

25    transaction pursuant to violations of the Truth in Lending Act,15 U.S.C. §§ 1601 *et*

26    *seq.* ("TILA"), and its implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z).

27                (c) to rescind and cancel a deed of trust security interest; and,

28    2.    A rescission action may be brought against an assignee, regardless of whether the

1  assignee is a "creditor" or whether the violation was apparent on the face of the

2  disclosure statement under 15 U.S.C. § 1641(c).

3  3.    Plaintiff seeks statutory relief and costs under the Real Estate Settlement

4  Procedures Act, 12 U.S.C. § 2601 *et seq.*, ("RESPA") and the requirements imposed by

5  Congress in 1990; the Cranston-Gonzalez National Affordable Housing Act, Pub. L.

6  No. 101-626, 104 Stat. 4079 (1999) (codified at 12 U.S.C. § 2605).

7  4.    An additional claim is brought for statutory and actual relief pursuant to the Fair

8  Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* (the "FDCPA")

9  5.    Plaintiff further seeks declaratory and injunctive relief to restrain all Defendants

10  under Arizona Revised Statutes Annotated ("ARS") §§ 44-1521 *et seq.*, common law

11  fraud, misrepresentation and deceit, against Defendants herein.  All such Arizona state

12  law claims are properly asserted under this Court's pendent or supplemental

13  jurisdiction.

14  6.    The Defendants are proper parties to be sued for claims arising out of the

15  transaction when Defendants are attempting to *enforce contractual obligations* in a non-

16  judicial foreclosure and the consumer is in an affirmative or defensive position

17  asserting a rescission claim under TILA; Reg. Z, and asserting other statutory relief

18  under RESPA, ARS, common law fraud, misrepresentation or deceit, etc., and for any

19  claims in recoupment and set-off against all Defendants.

20  ## II. Parties

21  7.    Plaintiff Marie Miedlar is *consumer* and a *natural person* as that term is defined under

22  15 U.S.C. § 1602(h) and ARS § 44-1521.  Plaintiff has rights as a citizen domiciled

23  here in Arizona, the owner of the *principal dwelling* known as 16616 East Gunsight

24  Drive, Unit # 217a, Arizona 85268 (hereinafter the "Property") and at all times

25  relevant and material hereto, resides on the Property as her home.

26  8.    Defendant First Franklin, A Division of National City Bank of IN, (hereinafter

27  "First Franklin") is an affiliate of First Franklin Financial Corp., and doing business in

28  Arizona as an originator of mortgage loans.  This Defendant is creditor as that term is

defined under 15 U.S.C. § 1602(f) and Reg. Z § 226.2(a)(17) and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installments by written agreement.  Defendant First Franklin maintains its principal office and may be served with service of process by serving the Officer in Charge at First Franklin Financial Corp., Andrew Pollock, CEO, 2150 North 1st Street, San Jose California 95131, and by serving its statutory agent CT Corporation System, 2394 East Camelback Road, Phoenix, Arizona 85016.

9.     Defendant Home Loan Services, Inc., who does business as ("d/b/a") First Franklin Loan Services, is an affiliate of First Franklin Financial Corp.  This Defendant is the purported Servicer and may be considered a functional creditor, or alternatively, is a Servicer strictly for administrative purposes subject to RESPA and the FDCPA.  Defendant Home Loan Services, Inc. is not a real party in interest unless it claims a pecuniary interest.  However, this Defendant is joined and needed for just adjudication.  This Defendant may be served with process by serving Home Loan Services, Inc., the Officer in Charge at its principal office c/o First Franklin Loan Services, 150 Allegheny Center Mall, Pittsburgh, Pennsylvania 15212 and by serving its statutory agent c/o CT Corporation System, 2394 East Camelback Road, Phoenix, Arizona 85016.

10.    Defendants John and Jane Does 1-10 are involved in the instant case and transaction and are currently unknown to Plaintiff.  Said entities will be joined upon discovery of their true nature and liability once these facts are known and supported by competent evidence.

### III. Jurisdiction/Venue

11.    This Court has Jurisdiction in this proceeding under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1640(e) for TILA claims, pursuant to 12 U.S.C. § 2614 for RESPA claims, pursuant to 15 U.S.C. § 1692k(d) for FDCPA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiff's state law claims because all claims are

1   so related to the claims within the Court's original jurisdiction that they form part of

2   the same case or controversy under Article 3 of the United States Constitution.  The

3   Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

4   Counts arising under contract, common law, and the law of conveyances in real

5   property are properly asserted under this Court's pendent jurisdiction.

6   12.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally whereby

7   the real property and a substantial part of the events and claims, the subject of this

8   suit, are situated here, including unlawful communications of Defendants' defiance to

9   seek judicial guidance are in this district, and Defendants' business practices are within

10   the forum state of Arizona.

11   ## IV. Conditions Precedent

12   13.   All conditions precedent have been performed or have occurred under Rule 9(c).

13   The mere loss of a statutory right to disclosure is an injury that gives the consumer

14   standing for Article III purposes, *DeMando v. Morris*, 206 F.3d 1300 (9th Cir. 2000)

15   14.   Plaintiff has standing as of the date of the contract and where the contract is a

16   federally related mortgage transaction governed by TILA.

17   ## V. Statement of Facts Material to the Transaction

18   15.   On or about December 6, 2005, Plaintiff applied for a mortgage loan over the

19   telephone and through electronic email with a mortgage broker, HFS Mortgage LLC,

20   David Uster.

21   16.   The federally related mortgage transaction at the root of this case was closed on or

22   about December 30, 2005 (hereinafter the "Closing").

23   17.   Plaintiff's application was for a consumer credit loan, consolidation and refinance

24   of a previous mortgage loan transaction covering real property then and now the

25   primary principal residence of the Plaintiff.

26   18.   At the purported Closing, Plaintiff entered into a mortgage loan transaction

27   (hereinafter the "Transaction") with Defendant First Franklin as the Lender and was

28   provided with copies of various documents to include those material to this case

VERIFIED COMPLAINT FOR DAMAGES

identified as Exhibits:

    a.  An Adjustable Rate Note, EXHIBIT 1.

    b.  A Deed of Trust security instrument, EXHIBIT 2.

    c.  A Balloon Note Addendum to Adjustable Rate Note with an Adjustable Rate Balloon Rider, EXHIBIT 3.

    d.  A Federal Truth in Lending Disclosure Statement, EXHIBIT 4.

    e.  A HUD – 1 Settlement Statement, EXHIBIT 5.

    f.  Notices of Right to Cancel, EXHIBIT 6.

19.    The Transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

20.    The content of this Transaction discloses a Consumer Credit Transaction as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a).

21.    The Transaction is a Closed-end Credit Transaction as that term is defined in Reg. Z § 226.2(10) where a security interest was retained in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") acting as a nominee for Lender and Lender's successors and assigns and as the beneficiary.

22.    The Transaction is subject to all content disclosure requirements set forth in 15 U.S.C. § 1635, § 1638, and Reg. Z §§ 226.17 – 226.23.

23.    The material documents specifically identified as Plaintiffs' EXHIBITS 1 through 6 have all failed in one or more material respects to disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

24.    Specifically, EXHIBIT 6 is exactly comprised of the two (2) copies provided in a form Plaintiff may retain and has omitted the date of the transaction and omitted the date rescission rights terminate.

25.    Defendant First Franklin ratified this Transaction with ineffective and improper Notice of Right to Cancel in a form Plaintiff may keep.

VERIFIED COMPLAINT FOR DAMAGES

26.   Defendant First Franklin knew or should have known that they were not in
possession of documents sufficient to sustain that Plaintiff was provided effective
Notice of Right to Cancel, and that said Notices are defective with omitted dates of
the transaction and omitted dates rescission rights terminate.

27.   Plaintiff has a continuing right to rescind the Transaction until the third business
day after receiving both the proper Notice of Right of Rescission and delivery of all
"material" disclosures correctly made in a form the Plaintiff may keep pursuant to 15
U.S.C. § 1635(a) and Reg. Z § 226.23(a), and the three-day right has not expired.

28.   On or about March 26, 2008, Plaintiff sent a valid Rescission Notice and qualified
written request ("QWR") as that term is defined under 12 U.S.C. § 2605(e)(1)(B) to
the originator Defendant First Franklin, copy attached hereto and incorporated as if
fully stated herein by reference as Plaintiff's EXHIBIT 7.

29.   The QWR provided a Notice to Rescind the Transaction subject to TILA, requests
a full accounting under the purported collateral instruments so that Plaintiff could
tender the balance, and surrender the value of the Property.

30.   Defendant First Franklin answered Plaintiff's QWR and intentionally refused to
honor Plaintiff's valid rescission, and intentionally refused to seek judicial guidance as
indicated in their responses dated April 16, 2008, copy attached hereto and
incorporated herein by reference as Plaintiff's EXHIBIT 8.

31.   Plaintiff responded to Defendant First Franklin's unlawful response with a Notice
of Dispute, copy attached hereto and incorporated herein by reference as Plaintiff's
EXHIBIT 9.

32.   Subsequent thereto,  Plaintiff received a dunning letter, dated  April  7, 2008, from
Defendant Home Loan Services, Inc., d/b/a First Franklin Loan Services, demanding
payment and unlawfully applying finance charges and other charges to this rescinded
Transaction, copy attached hereto and incorporated herein by reference as Plaintiff's
EXHIBIT 10.

33.   Plaintiff sent a valid Rescission Notice and QWR to Defendant Home Loan

VERIFIED COMPLAINT FOR DAMAGES

1  Services, Inc. on April 25, 2008, copy attached hereto and incorporated herein by
2  reference as Plaintiff's EXHIBIT 11.

3  34.  Defendant Home Loan Services, Inc., d/b/a First Franklin Loan Services,
4  answered Plaintiff's valid Rescission and QWR intentionally refusing to honor
5  Plaintiff's rescission, and intentionally refusing to seek judicial guidance as indicated in
6  their responses dated May 2, 2008, and May 6, 2008, copies attached hereto and
7  incorporated herein by reference as Plaintiff's EXHIBIT 12.

8  35.  The response by Defendant Home Loan Services, Inc., d/b/a First Franklin Loan
9  Services, EXHIBIT 12, unlawfully continues demanding payment and unlawfully
10  applies finance charges and other charges to this Transaction.

11  36.  These Defendants' responses are unlawful, negligent, intentionally refuse to honor
12  my valid rescission and fail materially to provide the Servicer related information and
13  documentation disclosures material to ownership of this obligation under 15 U.S.C. §
14  1641(f)(2), as well as Servicer related disclosures

15  37.  All Defendants collectively have failed to timely and fully comply with Plaintiff's
16  QWR and application to rescind the Transaction.

17  38.  Each of the responses and omissions imposed by these Defendants intentionally
18  induces such confusion as to source and sponsorship with respect to services and
19  applicable statutes.  The responses are intentionally unfair and deceptive.

20  39.  A controversy has arisen due to Defendants failure to credit all previous payments
21  so that Plaintiff may tender any balance and extinguish the Transaction by operation
22  of law.

23  40.  As of this date, all Defendants have been made aware of the TILA violations and
24  their duty to comply with the requirements set forth by RESPA.

25  41.  The foregoing acts and omissions of the Defendants were undertaken willfully,
26  persistently, intentionally, knowingly, and/or in gross or reckless disregard of the
27  rights of the Plaintiff.

28  **VI. Claims for Relief**

VERIFIED COMPLAINT FOR DAMAGES

## Count 1 – Failure to Rescind under TILA & Reg. Z against All Defendants

42.   Plaintiff incorporates each paragraph set forth above as if fully stated herein.

43.   As a result of Defendants failure to provide accurate material disclosures correctly with a proper Notice of Right of Rescission described above, Plaintiff is entitled and has exercised her right of rescission of the Transaction.

44.   Rescission of the Transaction extinguishes any liability Plaintiff has to Defendants for finance or other charges arising from the Transaction.

45.   Defendants' failure to take any action to reflect the termination of the security interest in the Property within twenty (20) days of rescission of the Transaction or seek judicial guidance releases Plaintiff from any liability whatsoever to Defendants arising from the Transaction.

46.   Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument is void and unenforceable under 15 U.S.C. § 1635(b).

47.   Defendants had twenty(20) days to refund or credit the alleged account all monies paid and to void the security interest and Defendants have failed in their obligation to perform this duty and make a tender offer.

48.   The Defendants have ignored the rescission notice and forfeited their right to receive any tender amount whereby the Property implicitly vests in the Plaintiff.

49.   Defendants performance is a condition precedent to Plaintiff's duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640.

50.   Any further intentional acts to enforce an invalid security instrument and impose finance charges are wrongful, improper, and a serious breach of the fiduciary duty associated with Defendants obligations.  Such acts violate TILA and RESPA, and are contrary to the explicit statutory requirements and contract between the parties.

51.   Defendants have intentionally proceeded to unlawfully impose finance charges

1   against a rescinded Transaction

2   52.    The foregoing acts and omissions of the Defendants were undertaken willfully,

3   persistently, intentionally, knowingly, and/or in gross or reckless disregard of the

4   rights of the Plaintiff.

5   53.    Said acts entitle Plaintiff to statutory and actual relief and orders enforcing

6   rescission.

7               **Count 2 – TILA; Reg. Z against All Defendants**

8   54.    The original payee of the note and beneficiary of all other documents at a

9   purported closing with Defendants acted in contravention of TILA 15 U.S.C. § 1601

10   *et seq.* and Reg. Z in the following particulars, each and all of which may also be

11   asserted affirmatively and defensively by Plaintiff as a result.

12   55.    The TILA Disclosure Statement, Rescission Notices, and all documents issued and

13   requested by Plaintiff in conjunction with this consumer credit transaction violated

14   the requirements of Truth in Lending and Regulation Z in the following other

15   respects:

16       a.  By failing to provide all required disclosures prior to consummation of the

17           transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b).

18       b.  By failing to make required rescission disclosures 'clearly and conspicuously' in

19           writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1).

20       c.  By failing to provide effective Notice of Right to Cancel under 15 U.S.C. §

21           1635 and Reg. Z § 226.23(b).

22       d.  By failing to provide the date of the Transaction or the expiration date

23           rescission rights terminate in violation of Reg. Z § 226.23(b)(5).

24       e.  By failing to timely disclose the name and address of the owner under 15

25           U.S.C. § 1641(f)(2).

26   **Count 3 – RESPA Claim against Defendant Home Loan Services, Inc., d/b/a**

27                      **First Franklin Loan Services**

28   56.    Plaintiff re-alleges and incorporates the Statement of Facts, and all Counts set

VERIFIED COMPLAINT FOR DAMAGES

1  forth above as if fully stated herein.

2  57.    The RESPA claims of the Plaintiff are so closely related to the Transaction and the

3  Defendants failure to provide mandatory material disclosures throughout the course

4  of this Transaction that they form the same basis and subject of claims set forth

5  herein.

6  58.    Plaintiff sent Defendant Home Loan Services, Inc., d/b/a First Franklin Loan

7  Services, (hereinafter "FFLS"), a QWR as that term is defined under RESPA, 12

8  U.S.C. § 2605(e)(1)(B), regarding the crediting of payments and rescinding

9  Transaction.

10  59.    In the QWR, the Plaintiff specified her reasons for belief that the account was in

11  error, not in default, and requested that Defendant FFLS correct the error and

12  rescind.  Plaintiff also requested Defendant FFLS provide sufficient information and

13  reasonable documentation supporting material disclosure Servicer related activity.

14  60.    Defendant FFLS violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make

15  any appropriate corrections to the Plaintiff's account in response to the QWR and

16  valid rescission notice, including the crediting of any finance charges, and failing to

17  transmit written notice of such corrections to Plaintiff.

18  61.    Defendant FFLS violated RESPA, 12 U.S.C. § 2605(e)(1)(A), by failing to provide

19  a written response acknowledging receipt of the Plaintiff's QWR no later than twenty-

20  days (20) after receipt of the request.

21  62.    Defendant FFLS violated RESPA, 12 U.S.C. § 2605(e)(2) by refusing to cease its

22  collection efforts and collection proceedings after receiving the Plaintiff's QWR and

23  valid rescission.

24  63.    Upon information and belief, Defendant FFLS violated RESPA, 12 U.S.C. §

25  2605(e)(3), by providing information to consumer reporting agencies regarding

26  overdue payments allegedly owed by the Plaintiff that were related to (and the subject

27  matter of) the QWR.

28  64.    Defendant FFLS has willfully engaged in a pattern or practice of non-compliance

– 10 –

1    with the requirements of the mortgage servicer provisions of RESPA as set forth in

2    12 U.S.C. § 2605.

3   65.    Plaintiff is entitled to recoup the actual and statutory civil penalty provided by

4    RESPA against any claim to enforce contractual obligations which may be allowed in

5    favor of Defendants.

6        **Count 4 – FDCPA against Defendant Home Loan Services, Inc., d/b/a First**

7              **Franklin Loan Services**

8   66.    Plaintiff realleges and incorporates fully herein by reference the Statement of Facts

9    Material to the Transaction, all applicable paragraphs and Counts set forth above.

10   67.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11   68.    Defendant FFLS is engaged as a "debt collector" defined by and within the

12    meaning of the FDCPA, 15 U.S.C. § 1692a(6), engaged in the business of collecting

13    debts in this State where Defendant FFLS regularly collects or attempt to collect debts

14    owed or due or asserted to be owed or due another and whose principal purpose is

15    the collection of debts using the mails and telephone.

16   69.    Defendant FFLS used a false, deceptive and misleading representation to collect

17    an alleged debt which violates 15 U.S.C. § 1692e(10).

18   70.    Defendant FFLS has attempted persistently to collect an alleged debt that gives a

19    false impression of the character, amount, and legal status contrary to 15 U.S.C. §

20    1692e(2)(A).

21   71.    Defendant FFLS, after receiving a dispute notice, continued collection activities

22    contrary to 15 U.S.C. § 1692g.

23   72.    Defendant FFLS threatened to repossess the Plaintiff's Property in the absence of

24    an enforceable security interest contrary to 15 U.S.C. § 1692f(6).

25   73.    Defendant FFLS provided communication threatening to take action that cannot

26    legally be taken and is not intended to be taken contrary to 15 U.S.C. § 1692e(5).

27   74.    As a result of the above violations of the FDCPA, Defendant FFLS is liable to

28    Plaintiff for declaratory judgment that its conduct violated the FDCPA, actual

VERIFIED COMPLAINT FOR DAMAGES

1   damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k.

2   **Count 5 – Arizona Revised Statutes §§ 44-1521 *et seq*. Against All Defendants**

3   75.   Plaintiff realleges and incorporates herein by reference Counts 1 through 4, and
4   the allegations set forth above.

5   76.   Plaintiff brings this action as a private attorney general acting on her own behalf,
6   pursuant to ARS §§ 44-1521 *et seq*., (the Arizona Consumer Fraud Act or "ACFA").

7   77.   Plaintiff is acting in this capacity to remedy the ongoing unlawful, unfair and
8   fraudulent business practices alleged herein, and to seek injunctive relief and
9   restitution on her behalf as being affected thereby.

10  78.   The foregoing acts and omissions of all Defendants affect inclusively trade and
11  commerce, and affect merchandise as this term is defined under ARS §§ 44-1521 *et*
12  *seq*.

13  79.   The ACFA defines unfair competition to include any unlawful, unfair, or
14  fraudulent business act or practice and provides that a court may order injunctive
15  relief and restitution to affected parties as a remedy for any violations of the ACFA.

16  80.   Beginning on the dates indicated on Defendants communications and at all times
17  relevant herein, all Defendants have committed acts of unfair competition proscribed
18  by the ACFA including the practices alleged herein against Plaintiff.

19  81.   Prior to the filing of the complaint in this action, and continuing thereafter,
20  Defendants have systematically violated the provisions of TILA, RESPA, the
21  FDCPA, the Transaction, the contract between the parties, and to such extent as to
22  induce confusion of source, sponsorship of services, and rescission rights of Plaintiff.

23  82.   These violations are and were a matter of Defendants standard corporate policy,
24  and constitute a consistent pattern and practice of unlawful corporate behavior.

25  83.   The business acts and practices of Defendants, as hereinabove alleged, constitute
26  "unlawful" business practices under ACFA in that, for the reasons set forth above,
27  said acts and practices violate the provisions of TILA, RESPA, the FDCPA, the
28  Transaction, and contract between the parties.

VERIFIED COMPLAINT FOR DAMAGES

84.    The business acts and practices of Defendants, as hereinabove alleged, constitute "unfair" business practices under ACFA in that said acts and practices offend *public policy* and are substantially injurious to the Plaintiff and all consumers.  Said acts and practices have no utility that outweighs their substantial harm to the Plaintiff, consumers, and potential homeowners.

85.    In the course of this Transaction, each Defendant made one or more misrepresentations and/or failed to make accurate representations and/or failed to provide material information about the Transaction as set forth more fully above.

86.    Specifically Defendants processed and ratified the Transaction, substantially amended material disclosures under TILA, failed to apply rescission under TILA, failed to properly comply with RESPA and FDCPA provisions, failed to comply with the contract between the parties, failed to comply with substantive law of conveyance, and failed to comply with statutory good faith and fair dealing.

87.    Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiff would rely thereon.

88.    Said misrepresentations and failure to make accurate representations were material to the Transaction from origination to present.

89.    Said misrepresentations and failure to make accurate representations were made with intent and the Plaintiff relied thereon by sending a QWR, Rescission Notice, a Dispute Notice, and filing this claim.

90.    Plaintiff did reasonably rely as specified in these factual allegations.

91.    Plaintiff was thereby damaged and has a substantial ascertainable loss.

92.    The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under ACFA in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents and concealment, may preclude consumers from exercising legal rights to which they are entitled.

93.    The unlawful, unfair and fraudulent business acts and practices of Defendants

VERIFIED COMPLAINT FOR DAMAGES

described herein present a continuing threat to members of the general public and the
Plaintiff in that Defendants are currently engaging in such acts and practices, and will
persist and continue to do so unless and until an injunction is issued by this Court.

94.     Pursuant to the ACFA Plaintiff seeks an order enjoining all Defendants from
engaging in the acts and practices as hereinabove alleged, and ordering that
Defendants credit the Transaction and provide appropriate restitution to the Plaintiff.

95.     Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing
and prosecution of this action pursuant to the ACFA and any other applicable law.

## VII – Jury Trial Demand

Pursuant to the seventh amendment to the Constitution of the United States of
America, Plaintiff is entitled to, and hereby demands, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, Reg. Z, RESPA, the
FDCPA, and the ACFA, Plaintiff prays for judgment against Defendants as follows:

1.      Rescission of this transaction.

2.      Termination of any security interest in Plaintiff's property created under the
transaction.

3.      Return of any money or property given by the Plaintiff to anyone, including
all Defendants, in connection with this transaction.

4.      Statutory damages of no less than $2,000 for the disclosure violations, or in
the amount of twice the finance charge in connection with this entire transaction,
but not less than $2,000 as provided under 15 U.S.C. § 1640.

5.      Statutory damages of no less than $2,000 for Defendants' failure to respond
properly to Plaintiffs rescission notice.

6.      Forfeiture of return of loan proceeds.

7.      Enjoin Defendants during the pendency of this action, and permanently
thereafter, from instituting, prosecuting, or maintaining a non-judicial foreclosure
proceeding on the Plaintiffs property, from recording any deeds or mortgages

VERIFIED COMPLAINT FOR DAMAGES

regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of the property.

8.     Order that, if Defendants fail to further respond lawfully to Plaintiff's notice of rescission, Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiffs' claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time.

9.     Statutory Damages of $1000 for each RESPA violation.

10.    Statutory Damages of $1000 for FDCPA violations.

11.    Statutory Damages as provided for ACFA violations.

12.    Reasonable attorney fee and costs of suit.

13.    Actual damages in an amount to be determined at trial.

14.    For such other and further relief as the Court may deem just and proper.

## VERIFICATION

I, Marie Miedlar, hereby certify that the facts contained in the foregoing Verified Complaint for Damages are true and correct to the best of our knowledge, information and belief.

Dated: ~~May~~ June 6, 2008 mm

By: _Marie Miedlar_

Marie Miedlar
16616 East Gunsight Drive  #217
Fountain Hills, Arizona 85268
(480)203-0447
mariem27@yahoo.com