IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marie Miedlar,               ) | CIV 08-1072-PHX-MHB |
|                 Plaintiff,   ) | **ORDER** |
| vs.                          ) | |
| First Franklin, et al.,      ) | |
|                 Defendants.  ) | |

On March 1, 2010, Defendants filed a Motion for Summary Judgment. (Doc. #72.) In their Motion, Defendants contend that Plaintiff has failed to produce evidence sufficiently probative to demonstrate a genuine issue regarding the timeliness of her request for rescission under the Truth in Lending Act ("TILA"). As such, Defendants claim that they are entitled to summary judgment. To date, Plaintiff has failed to file a response.[1]

Having reviewed the entire record, the Court finds that the uncontroverted papers of Defendants are sufficient to support their assertions set forth in their Motion. The Court, therefore, finds the granting of Defendants' Motion for Summary Judgment appropriate on the merits.

Further, Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion, and the opposing party "does not serve and file the required answering memoranda, ... such non-

---

[1] Defendants filed a Notice on April 19, 2010, stating that they have reason to believe that Plaintiff passed away on November 20, 2009, as documents sent to Plaintiff at her last known address have been returned with a notation of "deceased" and Defendants have discovered an obituary that they believe refers to Plaintiff.

compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i).  The Court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion. See United States v. Real Property at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995), rev'd on other grounds sub nom. Degen v. United States, 517 U.S. 820 (1996).  Accordingly, the Court finds that the granting of Defendants' Motion for Summary Judgment is appropriate in this instance.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. #72) is **GRANTED**.

**DATED** this 29th day of April, 2010.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge